The defendant's appeal from his conviction of assault and battery on a correctional officer and his appeal from the denial of his first motion for a new trial were consolidated for appellate purposes. In an unpublished decision, this court affirmed the conviction and the order denying his motion for a new trial. Commonwealth v. Ellison, 87 Mass. App. Ct. 1128 (2015). On February 16, 2017, the defendant filed his second motion for a new trial. The trial judge denied that motion as well as a motion for reconsideration without a hearing. This appeal followed.
The defendant's second motion for a new trial raises issues that either were raised and disposed of in connection with his first motion for a new trial, or which could have been raised in his first motion for a new trial. At the outset, we observe that although the defendant claims that he was deprived of the effective assistance of counsel, he has not provided us with an affidavit from his trial counsel or indicated why he could not obtain one. The absence of an affidavit significantly weakens the defendant's arguments, see, e.g., Commonwealth v. Goodreau, 442 Mass. 341, 353-354 (2004), and allowed the judge to discredit the defendant's statements in his affidavit about his attorney's performance. See Commonwealth v. Espada, 450 Mass. 687, 702 n.17 (2008).
The defendant alleges that his trial counsel was ineffective because he advanced a defense of provocation that was not supported by the evidence. That issue was raised in his first motion for a new trial, and thoroughly reviewed by the panel of this court that affirmed his conviction and the order denying his motion for a new trial. See Ellison, supra. Based on the doctrine of direct estoppel, the defendant is not entitled to any further review of such a question. Commonwealth v. Ellis, 475 Mass. 459, 475 (2016).
The defendant also alleges that his trial counsel was ineffective for not investigating a defense of lack of criminal responsibility and for not objecting to the judge's failure to instruct the jury of the lesser included offense of assault and battery. Because these issues could have been raised in his first motion for a new trial, we review solely to determine whether there has been a miscarriage of justice. See Commonwealth v. LeFave, 430 Mass. 169, 175 (1999). As the Commonwealth points out in its brief, the trial docket indicates that the defendant filed motions for funds for an independent examination of the defendant both for criminal responsibility and competency. The judge denied the motion for funds, but on December 29, 2011, allowed the motion for an examination by a court-appointed expert "to take place in Court Forensic Unit." The defendant's claim is not aided by reference to an impounded forensic examination report dated January 10, 2012. The docket also indicates that an "evaluation report" was submitted to the court on January 10, 2012, by a designated forensic psychologist. Thereafter, defense counsel filed a motion for an additional examination of the defendant. That motion was denied by the trial judge, who had the benefit of the report of the forensic psychologist. The trial judge revisited the issue on March 19, 2012, but was informed that there was no new information bearing on the defendant's competency to stand trial. The defendant did not support the allegations made in his second motion for a new trial with any additional medical or psychiatric records. Accordingly, the defendant has not demonstrated that there is a substantial risk of a miscarriage of justice regarding trial counsel's performance relating to the defendant's mental health, or that he was deprived of an otherwise available defense. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
For the first time in this appeal, the defendant alleges that his trial counsel was ineffective for not objecting to the judge's refusal to instruct the jury on the lesser included offense of assault and battery. However, the record shows that the defendant's trial counsel, in fact, did ask for a lesser included offense instruction on the theory that the defendant was provoked to attack the correctional officer. Even if the doctrine of provocation was applicable in a correctional setting, the evidence at trial established that the crime against the correctional officer took place after the defendant left the area where there had been a verbal confrontation, adjusted his pants legs, and then returned to suddenly attack the officer. See Commonwealth v. Keohane, 444 Mass. 563, 568 (2005) ("[E]ven where sufficient provocation exists, if a defendant leaves the scene of the provocation ... and then returns to attack the victim, the defendant is considered to have had adequate opportunity for his anger to subside"). Furthermore, the legal basis for a provocation instruction was lacking. Commonwealth v. Vatcher, 438 Mass. 584, 588 (2003) ("Insults and quarreling alone cannot provide a reasonable provocation, even between adults" [quotation omitted] ). Again, there is no basis for the defendant's claim that his trial counsel was ineffective in relation to the judge's jury instructions, and certainly no risk of a miscarriage of justice.
To the extent that the defendant raises other issues here, we have considered them and find them to be without merit.
Order denying second motion for a new trial affirmed.